838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Lenard SMALL, Plaintiff-Appellant,
v.
J.C. HARRIS, Pat Chavis, L.C. Snead, Jim Bullock, Livis
Freeman, Hazel Keith, Bert Estworthy, Defendants-Appellees.
 No. 87-6694.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1987.
Decided Jan. 25, 1988.
 
 James Lenard Small, appellant pro se. Jacob Leonard Safron, Office of the Attorney General, for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Lenard Small, a North Carolina inmate, appeals the district court's denial of relief under 42 U.S.C. Sec. 1983. Small contended that North Carolina reclassification guidelines create a justifiable expectation of promotion to minimum custody upon satisfaction of certain criteria and that defendants failed to comply with these guidelines. He further claimed that the refusal to promote him was arbitrary and capricious in that it was based on erroneous information in his prison file. Finally, he claimed that the defendants arbitrarily delayed his custody review date for one month. Finding that the district court properly held that Small was not entitled to relief on these claims, we affirm the entry of summary judgment in favor of defendants.
 
 
 2
 Initially, we agree with the district court that the guidelines used by the classification staff in making a classification recommendation to the area administrator do not give rise to a liberty interest where the ultimate classification authority lies with the administrator, whose discretion is not limited by regulation. As the state regulations do not compel a certain classification in the absence of specific findings, they do not create a justiable expectation of promotion. See Paoli v. Lally, 812 F.2d 1489 (4th Cir.1987), cert. denied, 56 U.S.L.W. 3247 (U.S. Oct. 5, 1987) (No. 87-5202). Small's due process claim therefore must fail.
 
 
 3
 As to reliance by prison officials upon alleged misinformation in Small's prison file, we find, with regard to Small's claim concerning the date of entry on service of his life sentence, that Small has established only his disagreement with the manner in which the corrections department keeps its records, and not that his file contains material misinformation. With respect to Small's complaint regarding incomplete information about a prior custody demotion, we find that Small has failed to establish constitutionally significant reliance. See Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979). We note that the area administrator's reasons for not promoting Small to minimum custody were unrelated to Small's prior custody demotion.
 
 
 4
 Small's claim regarding the delay in his six-month custody review is without merit in that, assuming the existence of a liberty interest in a timely review, mere negligence in failing to meet the deadline does not give rise to a constitutional claim. See Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Finding no protected liberty interest created by the classification procedures and no arbitrariness or capriciousness in the denial of a promotion to minimum custody, we affirm the denial of relief on Small's fourteenth amendment claims. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.